UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| PATRICIA A. STAYTON, | : | CASE NO. 1:18-cv-1976 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 15] |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Social Security case, counsel for Plaintiff Patricia Stayton seeks approval for $13,225.75 in attorney's fees.[1] Respondent Commissioner does not oppose.[2]

This Court concludes that awarding $13,225.75, or $618.02 per hour, would be a windfall for the Plaintiff's attorney.

This Court **ORDERS** payment of attorney's fees at $400 per hour for 21.4 hours totaling $8,560.

I. **Background**

In 2018, Plaintiff Stayton challenged the Commissioner of Social Security's decision to deny her disability benefits.[3] After Plaintiff filed her brief on the merits, the parties jointly stipulated that the case should be remanded to the Commissioner.[4]

---

[1] Doc. 15.
[2] Doc. 16.
[3] Doc. 1.
[4] Doc. 11.

Case No. 18-cv-1976
Gwin, J.

This Court remanded the case to the Commissioner.[5] The Court also granted the parties' joint motion for Equal Access to Justice Act fees.[6] Through that order, Plaintiff's counsel received $3,978.07 in fees under 28 U.S.C. § 2412.

On remand, the Commissioner awarded the Plaintiff $137,303 in past-due benefits.[7]

Plaintiff now asks this Court to approve allotting 9% of the award, or $13,225.75, to her attorney.[8]

The contingency fee arrangement states that Plaintiff's counsel may collect up to 25% of past-due benefits after a decision in Plaintiff's favor.[9] The fees award that Plaintiff's counsel now requests is the maximum amount that the contingency fee agreement authorizes. Plaintiff's counsel already received $21,000 in fees for work before the Commissioner.[10]

Plaintiff's counsel says that counsel will reimburse the $3,978.07 in already-received fees to Plaintiff if this Court approves a greater award.[11]

## II. Legal Standard

This Court must determine a reasonable attorney's fee in this case.

In a typical Social Security action, a plaintiff sues the Commissioner for denying a benefits claim. When a plaintiff wins, she receives a payment of "past-due benefits" totaling what she would have received were her claim not originally denied.[12]

---

[5] Doc. 12.
[6] Doc. 14.
[7] Doc. 15 at 1.
[8] The contingency fee arrangement states that Plaintiff's counsel may collect up to 25% of past-due benefits after a decision in Plaintiff's favor. Doc. 15-4 at 1. Plaintiff's counsel already received $21,100 in fees for work before the Commissioner. Doc. 15 at 1. Combined with the $13,225.75, the requested total award would be $34,325.75, or 25% of the award.
[9] Doc. 15-4 at 1.
[10] Doc. 15 at 1.
[11] Doc. 15 at 2.
[12] 42 U.S.C. § 404(a)(1)(B)(i).

Case No. 18-cv-1976
Gwin, J.

Under 42 U.S.C. § 406(b), an attorney may receive up to 25% of a past-due benefit award. However, courts must review the reasonableness of contingency fees, even if they fall within the statutorily allotted amount.[13]

In the Sixth Circuit, there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless . . . the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort."[14]

Factors courts consider in determining whether a contingency fee payout constitutes a windfall include (1) "the standard rates applied to social security fee requests;"[15] (2) whether an award is more than twice the standard hourly rate;[16] and (3) the "the 'brevity' . . . of the representation."[17] "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."[18]

### III. Discussion

Here, the Plaintiff's attorney would enjoy a windfall if this court approved a $618.02 per hour rate.

Capping the fees at $400 per hour is consistent with previous decisions in this Court and in this District.[19]

---

[13] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).
[14] *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).
[15] *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014).
[16] *Hayes*, 923 F.2d at 422.
[17] *Lasley*, 771 F.3d at 310.
[18] G*isbrecht*, 535 U.S. at 808.
[19] *Hyla v. Comm'r of Soc. Sec.*, 1:18-CV-1279, 2020 WL 3512843, at *1 (N.D. Ohio June 29, 2020); *Daniels v. Colvin*, 1:11-CV-806, 2017 WL 35697, at *1 (N.D. Ohio Jan. 4, 2017); *Hayhurst v. Berryhill*, 5:16-CV-576, 2018 WL 1122135, at *2 (N.D. Ohio Mar. 1, 2018); *Hayes v. Colvin*, 1:13CV2812, 2015 WL 4275506, at *3 (N.D. Ohio July 14, 2015) (collecting cases) ("Courts in this District have previously determined that an hourly rate of up to $350 is an appropriate upper limit in awarding attorney fees pursuant to § 406(b).").

Case No. 18-cv-1976
Gwin, J.

In addition, although this Court acknowledges that the Plaintiff's counsel succeeded, he only represented his client for 21.4 hours—a relatively brief amount of time.[20]

Therefore, the Court reduces the attorney's fees to $400 per hour for 21.4 hours. The total fees award is $8,560.

## IV. Conclusion

Accordingly, this Court **ORDERS** payment of attorney's fees at a rate of $400 per hour for 21.4 hours for a total award of $8,560. The Plaintiff's attorney must also refund the Plaintiff the $3,978.07 in attorney's fees this Court previously awarded under 28 U.S.C. § 2412.

IT IS SO ORDERED.

Dated: August 8, 2022  　　　　　　　　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[20] Doc. 15 at 2.